IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00366-BNB

JOSEPH R. REDMON,

Applicant,

v.

R. WILEY, Warden FPC Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2008

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE PRELIMINARY RESPONSE

---

Applicant, Joseph R. Redmon, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Redmon has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Redmon asserts three claims for relief challenging the BOP's finding that he is not eligible for a reduction in his sentence, even though he is participating in the BOP's Residential Drug Abuse Program. Although Applicant asserts that he has exhausted his administrative remedies, it is not clear that he has exhausted his remedies with respect to his claim that his equal protection rights were violated when the BOP found he is ineligible for a sentence reduction.

I must construe the Application liberally because Mr. Redmon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Respondent is

ordered to file a Preliminary Response limited to addressing the issue of exhaustion of his administrative remedies pursuant to *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Historically, as part of my review of habeas corpus cases pursuant to local rule 8.2C, D.C.COLO.LCivR, I ordered applicants in a habeas corpus action to show cause why the applications should not be denied for failure to exhaust administrative remedies if the affirmative defense appeared to be relevant based on the allegations in the applications. In *Kilgore v. Attorney General of Colorado*, – F.3d –, No. 07-1014, 2008 WL 638727 (10th Cir. Mar. 11, 2008), however, the United States Court of Appeals for the Tenth Circuit determined that this approach was not appropriate in every case because the general rule in civil cases is that affirmative defenses must be raised by the respondent. Therefore, and consistent with the requirements of *Kilgore*, rather than ordering the applicant in a habeas corpus case to show cause why the application should not be denied, I have entered this order pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directing Respondent to file a Preliminary Response limited to the affirmative defense of exhaustion of administrative remedies. Rule 4 authorizes a judge, if an application is not dismissed summarily, to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 1(b) of the Section 2254 Rules allows me to apply the rules to 28 U.S.C. § 2241 habeas corpus actions. I find that a Preliminary Response is appropriate at this stage of the proceedings rather than a full answer pursuant to Rule 5 of the Section 2254 Rules.

Respondent is directed pursuant to Rule 4 of the Section 2254 Rules to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies pursuant to *Montez*, 208 F.3d at 866. If Respondent does not intend to raise this affirmative defense, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits copies of any administrative grievances Applicant has filed raising the issues asserted in the Application, as well as any responses to those grievances. Applicant may reply to the Preliminary Response and provide any information that might be relevant to his efforts to exhaust administrative remedies. Accordingly, it is

ORDERED that **within twenty (20) days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty (20) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondent must notify the Court of that decision in the Preliminary Response.

DATED April 17, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00366-BNB

Joseph R. Redmon
Reg. No. 10752-026
FPC - Florence
PO Box 5000
Florence, CO 81226

R. Wiley, Warden
c/o Christopher B. Synsvoll
Attorney Advisor
**DELIVERED ELECTRONICALLY**

United States Attorney General - **CERTIFIED**
Room 5111, Main Justice Bldg.
10th and Constitution, N.W.
Washington, D.C. 20530

United States Attorney
District of Colorado
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Chris Synsvoll for service of process on R. Wiley; to The United States Attorney General; and to the United States Attorney's Office: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 03/11/08 on 4/17/08.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk