IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00366-ZLW

JOSEPH R. REDMON,

Applicant,

v.

R. WILEY, Warden, FPC Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 25 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Joseph R. Redmon is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Redmon has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Redmon is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Redmon is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete the Residential Drug and Alcohol Abuse Program (RDAP). Mr. Redmon alleges that in 1996 he pled

guilty to possession of 415 grams of cocaine with intent to distribute in violation of 21 U.S.G. § 841(a)(1). Applicant maintains that the BOP first determined he was not eligible to participate in the RDAP, but in 2006, after he filed a civil rights complaint challenging the BOP's refusal to allow him to participate in the RDAP, the BOP determined that Applicant was eligible to enter the program. Applicant currently is enrolled in the RDAP. He has been denied the possibility of having his sentence reduced by one year for successful completion of the program. (Answer, Attach. 4 at 3.) The BOP based its decision on Applicant's prior adult conviction for aggravated battery in the State of Illinois finding that the Illinois Criminal Code defines the offense of aggravated battery in keeping with the BOP's definition of aggravated assault. (Answer, Attach. 7 at 2.)

Mr. Redmon concedes that he does not have a federally protected liberty interest in a reduced sentence and that 18 U.S.C. § 3621(e)(2)(B) does not create a liberty interest, but challenges the BOP's interpretation and implementation of 18 U.S.C. § 3621, citing to *Fristoe v. Thompson*, 144 F.3d 627, 630-31 (10th Cir. 1998). (Feb. 22, 2008, Application at 8.) Applicant further asserts that he has been denied consideration for a reduced sentence in violation of his equal protection rights. (Feb. 22, 2008, Application at 9.)

Assuming Mr. Redmon does complete the drug abuse treatment program successfully, he still is not entitled to an automatic sentence reduction. As noted above, § 3621(e)(2)(B) provides that the BOP *may* grant a sentence reduction to inmates who meet the statutory eligibility requirements that include conviction of a nonviolent offense and successful completion of a substance abuse treatment program.

2

The BOP has exercised its discretion by adopting a regulation and a program statement implementing § 3621(e)(2)(B). *See* 28 C.F.R. § 550.58; BOP Program Statement 5162.04, Categorization of Offenses (Oct. 9, 1997). The regulation and program statement rely upon "the discretion vested in the Director of the Federal Bureau of Prisons" to exclude certain categories of inmates from eligibility for a sentence reduction. 28 C.F.R. § 550.58(a)(1); BOP Program Statement 5162.04.

Among the excluded categories of inmates are inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or child sexual abuse offenses. 28 C.F.R. § 550-58(a)(1)(iv). The plain language of § 550.58(a)(1)(iv) prohibits an inmate with a prior misdemeanor or felony conviction for aggravated assault from early release eligibility. *See id.* Pursuant to Illinois Compiled Statutes, aggravated battery includes a person who in committing battery, intentionally or knowingly causes great bodily harm, permanent disability or disfigurement using a deadly weapon other than by the discharge of a firearm. 720 ILL. Comp. Stat. 5/12-4(a) and (b). Aggravated battery is considered either a Class 3 felony or a Class 2 felony. 720 ILL. Comp. Stat. 5/12-4(e).

Even if Mr. Redmon's offense is not a crime of violence, he still is not eligible for a sentence reduction pursuant to the discretion of the director of the BOP as set forth in § 550.58 and Program Statement 5162.04. Program Statement 5330.10, Drug Abuse Treatment Manual, was implemented on May 25, 1995, and later amended on May 17, 1996, and on October 9, 1997. Chapter 6 addresses inmate qualifications for early release eligibility. In relevant part, Chapter 6 restates 28 C.F.R. § 550.58 and provides additional implementing instruction to BOP staff.

In general, the BOP assesses inmates' § 3621 eligibility based on the title of their offense conviction. However, if the title is not dispositive of the issue, the BOP compares the elements of the state offense to those of the FBI's Uniform Crime Reports ("UCR"). The UCR defines the offense of aggravated assault as follows:

> an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. This type of assault is usually accompanied by the use of weapon or by means likely to produce death or great bodily harm. Attempts involving the display or threat of a gun, knife, or other weapon are included because serious personal injury would likely result if the assault were completed.

Applying the foregoing, the BOP determined that although Applicant's prior conviction for aggravated battery was not specifically identified in § 550.58(a)(1)(iv), the elements of aggravated battery were consistent with the FBI's UCR definition of aggravated assault. On that basis, the BOP determined that Applicant was ineligible for early release consideration.

This Court's review of the record reveals that the BOP's disqualification of Applicant was a valid exercise of the BOP's broad discretion under § 3621(e)(2)(B), 28 C.F.R. § 550.58(a)(iv) and Program Statement 5330.10, chapter 6, page 2, ¶ (3). Furthermore, Applicant has no constitutional or inherent right in being released before the completion of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)). Section 3621 does not create a constitutionally protected liberty interest. *Fristoe v. Thompson,* 144 F.3d 627, 630 (10th Cir. 1998) (citing *Olim v. Wakinewkona*, 461 U.S. 238, 249 (1983)). Nor does Applicant's full service of the sentence imposed subject him to an atypical or significant

4

hardship for the purpose of establishing a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (liberty interest arises only if prisoner is subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."). Finally, in *Lopez v. Davis*, the Supreme Court upheld the BOP's discretionary authority to preclude early release based on the regulations published in 28 C.F.R. § 550.58. *Lopez v. Davis*, 531 U.S. 230, 240 (2001). In doing so, the Court found that the BOP acted reasonably in categorically excluding those inmates displaying a readiness to endanger another's life. *Id.*

With respect to Applicant's equal protection claim, Respondent argues in the Preliminary Response that this action should be dismissed because Mr. Redmon has failed to exhaust administrative remedies. On June 9, 2008, Applicant filed a pleading titled, "Joseph R. Redmon's Pro Se Motion to Dismiss." In the Motion, Mr. Redmon asserts that, even though he believes he has exhausted his equal protection claim, he is willing to dismiss the equal protection claim so that the Court may proceed to review the merits of the remaining claims.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Upon review of the attachments submitted by Respondent, the Court finds that Applicant failed to present his equal protection claim either to the Warden in his B-9 Request for Administrative Remedy or to the National Inmate Appeals Administrator in his BP-11 Central Office Administrative Remedy Appeal. (Answer at Attachs. 3 and 5.) The BOP has set forth an administrative procedure for seeking review of complaints

5

relating to any aspect of an inmate's imprisonment, including review of denial of early release under 18 U.S.C. § 3621(e). *See* 28 C.F.R. § 542.10-.19. Included in this process is the presentation of a claim to the National Inmate Appeals Administrator, which constitutes the final administrative appeal. *See* § 542.15(a). It is clear that Mr. Redmon did not exhaust his equal protection claim by properly presenting the claim to the Appeals Administrator for consideration.

Nonetheless, because the Court has found that Applicant's claims challenging the BOP's interpretation and implementation of 18 U.S.C. § 3621(e) lack merit, Applicant's Motion to Dismiss will be denied as moot. The equal protection claim, however, will be denied without prejudice. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed. It is

FURTHER ORDERED that Applicant's claims challenging Respondent's interpretation and implementation of 18 U.S.C. § 3621(e) are denied on the merits. It is

FURTHER ORDERED that Applicant's equal protection claim is denied without prejudice. It is

FURTHER ORDERED that Applicant's Motion to Dismiss, (Doc. No. 12), filed on June 9, 2008, is denied as moot.

DATED at Denver, Colorado, this 24 day of June, 2008.

BY THE COURT:

Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00366-BNB

Joseph R. Redmon
Reg. No. 10752-026
FPC - Florence
PO Box 5000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/26/8

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk