IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00366-ZLW

JOSEPH R. REDMON,

Applicant,

v.

R. WILEY, Warden, FPC Florence,

Respondent.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

This matter is before the Court on the *pro se*, "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) F.R.C.P." filed by Applicant Joseph R. Redmon, on July 9, 2008. Mr. Redmon, a federal prisoner housed in the State of Colorado, seeks reconsideration of the June 25, 2008, Order of Dismissal that denied his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Motion liberally because Mr. Redmon is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

The Court denied the Application and dismissed the action because Mr. Redmon's 18 U.S.C. § 3621(e) interpretation and implementation claims lack merit, and his equal protection claim is not exhausted. The reasons for the dismissal are explained in detail in the June 25, 2008, Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The June 25, 2008, Order denied the Application and dismissed the action. The instant Motion was filed on July 9, 2008. Applicant filed the Motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at

2

1244. Upon consideration of the Motion and the entire file, the Court finds and concludes that Mr. Redmon fails to demonstrate some reason why the Court should alter or amend the June 25, 2008, Order of Dismissal in this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Applicant's Fed. R. Civ. P. 59(e) Motion, (Doc. No. 15), filed July 9, 2008, is denied.

DATED at Denver, Colorado, this 21 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00366-ZLW

Joseph R. Redmon
Reg. No. 10752-026
FPC - Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk